UNITED STATES DISTRICT COURT
NORTSHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JARROD HORTON, as Brother, Next Friend, and Special Representative of the Estate of MARLON HORTON, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 13 CV 6865 |
| vs. | ) ) | Judge Dow |
| CITY OF CHICAGO, a municipal corporation, TWO UNKNOWN CHICAGO POLICE OFFICERS, CHICAGO HOUSING AUTHORITY, H. J. RUSSELL & COMPANY, MAVERICK SECURITY, INC., and TWO UNKNOWN SECURITY GUARDS, | ) ) ) ) ) ) ) ) | Magistrate Judge Valdez |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Now comes Plaintiff, JARROD HORTON, as Brother, Next Friend, and Special Administrator of the Estate of MARLON HORTON, deceased, ("Plaintiff"), by and through his undersigned attorney, and makes the following complaint against CITY OF CHICAGO, a municipal corporation, TWO UNKNOWN CHICAGO POLICE OFFICERS ("Defendant OFFICERS"), CHICAGO HOUSING AUTHORITY, H. J. RUSSELL & COMPANY, MAVERICK SECURITY, INC., and TWO UNKNOWN SECURITY GUARDS ("Defendant SECURITY GUARDS"):

**JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution, and under Illinois State law.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this judicial district.

## PARTIES

4. At the time of his death, MARLON HORTON was a 28-year-old African-American man. At all times relevant hereto, MARLON HORTON was a citizen of the United States and a resident of the City of Chicago, Illinois.

5. Plaintiff JARROD HORTON is the brother of decedent MARLON HORTON and brings this action as brother, next friend, and Special Representative of the Estate of MARLON HORTON.

6. At all times relevant hereto, Defendant OFFICERS were acting under color of law and within the scope of their employment with Defendant CITY of CHICAGO. Alternatively, to the extent that Defendant OFFICERS were on off-duty status at the time of the events described herein, they were nevertheless acting under color of law as they held themselves out as Chicago Police Officers, displayed police power, used weapons issued to them by the Chicago Police Department, and were required by law to be on duty at all times.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was at all times relevant hereto, the employer and principal of the Defendant OFFICERS.

8. At all times relevant hereto, Defendant SECURITY GUARDS were acting within the scope of their employment or as authorized agents of Defendant CHICAGO HOUSING AUTHORITY and/or Defendant H. J. RUSSELL & COMPANY, and/or MAVERICK SECURITY, INC.

9. At all times relevant hereto, Defendant SECURITY GUARDS were acting under color of law because they were acting as an arm of the State of Illinois by virtue of the police power delegated to them through 310 ILCS 10/8.1a and other laws and ordinances, and because by arresting and fatally shooting MARLON HORTON, they did in fact exercise police powers.

10. Defendant CHICAGO HOUSING AUTHORITY is an agency of the City of Chicago and was at all times relevant hereto, a joint employer of the Defendant SECURITY GUARDS and Defendant OFFICERS or it held itself out as the employer of the Defendant SECURITY GUARDS and Defendant OFFICERS.

11. At all times relevant hereto, Defendant H. J. RUSSELL & COMPANY is an Illinois corporation authorized to do business in the state of Illinois, with its principal place of business in this judicial district. At all times relevant hereto, Defendant H. J. RUSSELL & COMPANY was a joint employer of the Defendant SECURITY GUARDS and Defendant OFFICERS. At all times relevant hereto, Defendant H. J. RUSSELL & COMPANY was acting as an arm of the State of Illinois by virtue of the police power delegated to it through 310 ILCS 10/8.1a and other laws and ordinances.

12. At all times relevant hereto, Defendant MAVERICK SECURITY, INC. is an Illinois corporation authorized to do business in the state of Illinois, with its principal place of business located in this judicial district. At all times relevant hereto, Defendant MAVERICK SECURITY, INC. was a joint employer of the Defendant SECURITY GUARDS and Defendant OFFICERS. At all times relevant hereto, Defendant MAVERICK SECURITY, INC. was acting as an arm of the State of Illinois by virtue of the police power delegated to it through 310 ILCS 10/8.1a and other laws and ordinances.

## FACTUAL ALLEGATIONS

13. On or about September 7, 2013, MARLON HORTON was inside a CHICAGO HOUSING AUTHORITY residential building located at 1815 W. Monroe St., in Chicago, Cook County, Illinois.

14. At that time, MARLON HORTON was asked to leave the building by Defendant SECURITY GUARDS and/or Defendant OFFICERS.

15. As requested, MARLON HORTON, left the building.

16. Defendant OFFICERS and/or Defendant SECURITY GUARDS then unlawfully detained, seized, and arrested Decedent MARLON HORTON without an arrest warrant, without a search warrant, without exigent circumstances, without reasonable suspicion, without consent, and without probable cause to believe that Decedent MARLON HORTON was committing or had committed a crime.

17. At all times relevant hereto, MARLON HORTON was acting fully in conformity with all applicable laws, statutes, and ordinances.

18. Defendant OFFICERS and/or Defendant SECURITY GUARDS proceeded to shoot Decedent MARLON HORTON, causing him severe pain, severe emotional distress, and death.

3

## Count I – 42 U.S.C. § 1983 False Arrest

19. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

20. On or about September 7, 2013, Decedent MARLON HORTON was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Decedent MARLON HORTON'S rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

21. Defendant OFFICERS and/or Defendant SECURITY GUARDS falsely arrested MARLON HORTON under color of state law, and within the course of their employment.

22. The acts committed by Defendant OFFICERS and/or Defendant SECURITY GUARDS were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Decedent MARLON HORTON's constitutional rights and would cause harm to him.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant SECURITY GUARDS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count II – 42 U.S.C. § 1983 – Excessive Force

23. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

24. On or about September 7, 2013, Defendant OFFICERS and/or Defendant SECURITY GUARDS subjected Decedent MARLON HORTON to excessive force, namely, by fatally shooting him.

25. This excessive force was objectively unreasonable and was undertaken intentionally, or with reckless indifference to MARLON HORTON's constitutional rights.

25. As a direct and proximate result of the unjustified and excessive use of force, MARLON HORTON suffered severe injuries, including but not limited to severe pain and suffering, severe emotional distress, and loss of life.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant SECURITY GUARDS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count III – 42 U.S.C. § 1983 – Failure to Intervene

26. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

27. During the constitutional violations as described above, one or more of the Defendant OFFICERS and/or Defendant SECURITY GUARDS stood by without intervening to prevent the misconduct. Although they had a reasonable opportunity to prevent this harm, they failed to do so.

28. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally and with willful indifference to MARLON HORTON's constitutional rights.

29. As a direct and proximate result of this failure to intervene, MARLON HORTON suffered pain and injury, severe emotional distress, and death.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant SECURITY GUARDS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count IV – 42 U.S.C. § 1983 Conspiracy

30. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

31. Defendant OFFICERS and/or Defendant SECURITY GUARDS agreed and conspired together to violate the constitutional rights of MARLON HORTON.

32. Each of Defendant OFFICERS and/or Defendant SECURITY GUARDS did reach this understanding and agreement and did engage in this course of conduct with the mutual purpose, objective and knowledge that it would deprive MARLON HORTON of his right to be free from excessive force and false arrest, as guaranteed by the U.S. Constitution.

33. Said conspiracy violated MARLON HORTON's 4th and 14th Amendment rights, under color of law, in contravention of 42 U.S.C. § 1983.

34. Acting in furtherance of this plan and conspiracy, Defendant OFFICERS and/or Defendant SECURITY GUARDS did commit overt acts, including the illegal arrest, detention, and use of excessive force against MARLON HORTON on or about September 7, 2013, as more fully alleged in the preceding paragraphs.

35. This course of conduct by Defendant OFFICERS and/or Defendant SECURITY GUARDS described in this count was done willfully, maliciously, intentionally, or with reckless disregard and gross negligence,

and directly and proximately caused injury and harm to MARLON HORTON.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant SECURITY GUARDS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count V– Intentional Infliction of Emotional Distress

36. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

37. By falsely arresting MARLON HORTON and using excessive force against him, Defendant OFFICERS and/or Defendant SECURITY GUARDS' conduct was extreme and outrageous.

38. Defendant OFFICERS and/or Defendant SECURITY GUARDS intended to cause MARLON HORTON to suffer severe emotional distress, or they acted with reckless disregard of the probability that their conduct would cause MARLON HORTON to suffer severe emotional distress until he died.

39. As a direct and proximate result of Defendants' extreme and outrageous conduct, MARLON HORTON suffered severe emotional distress prior to his death.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant SECURITY GUARDS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count VI–Illinois Wrongful Death Act Claim

40. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

41. At all relevant times, Defendant OFFICERS and Defendant SECURITY GUARDS owed MARLON HORTON a duty to refrain from wanton and willful acts and omissions which could cause him harm.

42. Defendant OFFICERS and/or Defendant SECURITY GUARDS breached their duty to MARLON HORTON by willfully and wantonly using excessive and deadly force against him.

43. Defendant OFFICERS and/or Defendant SECURITY GUARDS' acts and omissions, as more fully alleged above, constituted utter indifference or

conscious disregard for the health and safety of decedent MARLON HORTON.

44. As a direct and proximate result of the aforementioned willful and wanton acts and omissions, MARLON HORTON died on or about September 7, 2013.

45. MARLON HORTON, is survived by his heirs TRAYVON HOLCOMB, ANAYA HOLCOMB, and MARIEL HORTON.

46. By reason of the death MARLON HORTON, his heirs have suffered pecuniary damages, including the loss of support, comfort, love, affection, protection, and society of the decedent.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant SECURITY GUARDS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count VII–Battery

47. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

48. Defendant OFFICERS and/or Defendant SECURITY GUARDS intended to cause a harmful or offensive bodily contact to MARLON HORTON without a privilege to do so.

49. By seizing, detaining, and using deadly force against MARLON HORTON, Defendant OFFICERS and/or Defendant SECURITY GUARDS did in fact cause bodily harm to MARLON HORTON.

50. As a direct and proximate result of the Defendant OFFICERS and Defendant SECURITY GUARDS's harmful and offensive bodily contact with MARLON HORTON, he suffered physical pain, severe emotional distress and death.

WHEREFORE, Plaintiff prays for judgment against Defendant OFFICERS and Defendant SECURITY GUARDS for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

## Count VIII–Policy Claim
## (Against Defendants CITY OF CHICAGO and CHA)

51. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

52. The misconduct of the Defendant OFFICERS alleged above was undertaken pursuant to the policy and practice of the Chicago Police Department, in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting MARLON HORTON; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f. As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

8

      g.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

      h.     The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

53.     The misconduct of the Defendant OFFICERS and/or Defendant SECURITY GUARDS alleged above was undertaken pursuant to the policy and practice of the CHICAGO HOUSING AUTHORITY in that:

      a.     As a matter of both policy and practice, the Chicago Housing Authority directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its guards/employees, and its failure to do so constitutes deliberate indifference;

      b.     As a matter of both policy and practice, the Chicago Housing Authority facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading security guards/employees to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Decedent Marlon Horton;

      c.     As a matter of widespread practice so prevalent as to comprise policy, security guards/employees of the Chicago Housing Authority abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the CHICAGO HOUSING AUTHORITY fails to adequately punish and discipline instances of similar misconduct;

      d.     The CHICAGO HOUSING AUTHORITY has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

WHEREFORE, Plaintiff prays for judgment against Defendants CITY OF CHICAGO and CHICAGO HOUSING AUTHORITY for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count IX–Policy Claim
### (Against Defendants MAVERICK and H.J. RUSSELL)

54. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

55. Defendants H. J. RUSSELL & COMPANY and MAVERICK SECURITY, INC. are private corporations engaged in the business of providing property management and security guard services to the CHICAGO HOUSING AUTHORITY.

56. At all times relevant hereto, Defendants H. J. RUSSELL & COMPANY and MAVERICK SECURITY, INC. acted under color of state law because they performed police power and other governmental functions, through their employees and/or authorized agents, Defendant OFFICERS and Defendant SECURITY GUARDS, pursuant to delegated authority from the CHICAGO HOUSING AUTHORITY.

57. The civil rights violations of the Defendant OFFICERS and Defendant SECURITY GUARDS alleged above was undertaken pursuant to a widespread practice by Defendants H. J. RUSSELL & COMPANY and MAVERICK SECURITY, INC., in which they failed to adequately train and supervise its security guards in the performance of their police-like duties, and in which they failed to punish and discipline prior instances of similar misconduct, thereby leading to numerous instances of civil rights violations by other security guards, and leading other security guards to believe their actions will never be scrutinized and, in that way, thereby directly encouraging future abuses.

WHEREFORE, Plaintiff prays for judgment against Defendants H. J. RUSSELL & COMPANY and MAVERICK SECURITY, INC. for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count X–Indemnification
### (Against Defendants CITY OF CHICAGO and CHA)

58. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

59. The misconduct alleged above against Defendant OFFICERS and SECURITY GUARDS were committed within the scope of their employment with and/or within their authorized agency for Defendants CITY OF CHICAGO and CHICAGO HOUSING AUTHORITY.

10

60. Defendants CITY OF CHICAGO and CHICAGO HOUSING AUTHORITY are public entities required to provide indemnity within the meaning of 735 ILCS 10/9-102 and other applicable laws and ordinances for all actual damages caused by Defendant OFFICERS and Defendant SECURITY GUARDS while acting in the scope of their employment or within their authorized agency.

WHEREFORE, Plaintiff prays for judgment against Defendants CITY OF CHICAGO and CHICAGO HOUSING AUTHORITY for compensatory damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

### Count XI–Respondeat Superior
### (Against Defendants MAVERICK and H.J. RUSSELL)

61. Plaintiff re-alleges paragraphs 1 through 18 as if fully repleaded herein.

62. The misconduct alleged above against Defendant OFFICERS and Defendant SECURITY GUARDS was committed within the scope of their employment with and/or within their authorized agency for Defendants H. J. RUSSELL & COMPANY and MAVERICK SECURITY, INC.

63. Under the doctrine of respondeat superior, Defendants H. J. RUSSELL & COMPANY and MAVERICK SECURITY, INC. are liable as the principal for all torts committed by their agents, Defendant OFFICERS and Defendant SECURITY GUARDS.

WHEREFORE, Plaintiff prays for judgment against Defendants H. J. RUSSELL & COMPANY and MAVERICK SECURITY, INC. for compensatory and punitive damages, costs, reasonable attorney's fees, and all such other relief as this Court finds just and equitable.

Respectfully Submitted,

JARROD HORTON


<u>By:/s/Josh Friedman</u>
One of his Attorneys




JEFFREY B. GRANICH (A.R.D.C. No. 6207030)
KATIE Z. EHRMIN (A.R.D.C. No. 6292120)
Law Offices of Jeffrey B. Granich
53 W. Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 939-9009

JOSH M. FRIEDMAN (A.R.D.C. No. 6220313)
Law Offices of Josh M. Friedman
53 W. Jackson Blvd., Suite 840
Chicago, IL 60604
(312) 886-0277


## <u>CERTIFICATE OF SERVICE</u>

      I, Josh Friedman, Counsel for Plaintiff, hereby certify that a copy of the foregoing **FIRST AMENDED COMPLAINT** was served pursuant to the United States District Court for the Northern District of Illinois' Electronic Filing System on all counsel of record on this 1st day of November, 2013.



<u>/s/ Josh M. Friedman             </u>
One of Plaintiff's Attorneys