IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JARROD HORTON, as Independent Administrator of the Estate of MARLON HORTON, Deceased, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 13 CV 6865 |
| The CITY OF CHICAGO, et al., | ) ) | Judge DOW |
| Defendants. | ) ) | Magistrate Judge VALDEZ |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS'
MOTION FOR LEAVE TO FILE OVERSIZED SUMMARY JUDGMENT
BRIEFS AND LOCAL RULE 56.1 STATEMENT OF FACTS**

Plaintiff Jarrod Horton respectfully requests that this Court deny Defendants' motion for leave to file oversized summary judgment briefs and a Local Rule 56.1 statement of facts:

**INTRODUCTION**

This case arises out of the fatal shooting of Plaintiff's brother, Marlon Horton, by Defendant Chicago Police Officer Kenneth Walker on the morning of September 7, 2013. Prior to the shooting itself, Walker and his co-Defendant, security guard Shaquila Moore, engaged in a physical struggle with Horton, who was unarmed. This incident occurred in front of a CHA apartment building located at 1815 West Monroe Street. Defendants claim that Walker shot Horton because Horton lunged at Walker in an effort to grab his gun. Portions of this incident, but not the actual moment of the shooting, were captured on CHA surveillance camera videos. Plaintiff has named as Defendants Walker, Moore, the City of Chicago, the Chicago Housing Authority ("CHA"), H.J. Russell & Company ("Russell"), and Maverick Security, Inc. ("Maverick"). Plaintiff's fourth amendment complaint brings federal claims for excessive force, failure to intervene, failure to provide medical care, and conspiracy, and Illinois state law claims for intentional infliction of emotional distress,

wrongful death, battery, negligent supervision, indemnification, and *respondeat superior*. Plaintiff has also alleged *Monell* policy claims against the City and the CHA, which have been bifurcated.

All Defendants intend to file motions for summary judgment on all of Plaintiff's claims against them. The City and Walker have requested leave to file a 40-page brief in support of their summary judgment motion. They claim that "[i]t is expected that the remaining defendants…will adopt significant portions of the City's and Walker's brief in their memoranda," although it is unclear how long those Defendants' briefs will be. *Defendants' Motion for Leave to File a Memorandum in Support of their Motion for Summary Judgment in Excess of Fifteen Pages and a Joint Statement of Facts with Other Defendants ("Defts' Mot.")*, Dkt. 311, at 1. Defendants also propose filing a joint Local Rule 56.1(a)(3) statement of facts with 275 separate paragraphs.

The undersigned has attempted to reduce or eliminate summary judgment briefing in this case, with no success. On March 14, 2017, the undersigned discussed Defendants' planned summary judgment motions with defense counsel in person. *See Email Correspondences*, attached as **Exhibit A.** Plaintiff's counsel explained that the City and Walker's summary judgment motion with respect to the excessive force claim would be frivolous and possibly sanctionable under Seventh Circuit authoirty. *See Email Correspondences*, Ex. A. The undersigned also attempted to clarify the CHA, Russell, and Maverick's bases for summary judgment, but was unable to do so, as counsel for those Defendants simply responded that they would be moving for summary judgment on all claims against them. *See Email Correspondences*, Ex. A. Most importantly, Plaintiff's counsel offered to discuss voluntarily dismissing certain claims and Defendants to avoid summary judgment briefing. *See Email Correspondences*, Ex. A. Defendants did not respond to this offer. Plaintiff again raised the possibility of dismissing claims and Defendants to reduce or avoid summary judgment briefing on November 30, 2017, but no agreement has yet been reached. Thus, as of the filing of this response brief, it appears that all Defendants will be moving for summary judgment on all claims against them.

**ARGUMENT**

This Court's Local Rule 56.1 governs motions for summary judgment. Local Rule 56.1(a)(3) provides that a party moving for summary judgment "shall serve and file…a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." N.D. Ill. Civ. R. 56.1(a)(3). The Committee Comments to that Local Rule note that "parties frequently include in their LR56.1 statements facts that are unnecessary to the motion and/or are disputed. The judges' observation is that in the vast majority of cases, a limit of 80 asserted statements of fact…will be more than sufficient to determine whether the case is appropriate for summary judgment. N.D. Ill. Civ. R. 56.1(a)(3) Committee Comment. Local Rule 7.1 limits briefs to 15 pages. N.D. Ill. Civ. R. 7.1. "Because of the high volume of summary judgment motions and the benefits of clear presentation of evidence and law," the Seventh Circuit has "repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." *Stevo v. Frasor*, 662 F.3d 880, 886-87 (7th Cir. 2011).

First, Plaintiff submits that the City and Walker's motion for summary judgment with respect to the excessive force claim is almost certain to be a waste of this Court's time and already very busy schedule. The Seventh Circuit has repeatedly cautioned that "summary judgment…in excessive force cases should be granted sparingly." *Catlin v. City of Wheaton*, 574 F.3d 361, 367 (7th Cir. 2009); *Sallenger v. Oaks*, 473 F.3d 731, 742 (7th Cir. 2007); *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2006). There is no video recording of the actual moment that Walker shot Marlon Horton, and there is a genuine issue of material fact as to whether the deadly force that Walker used on the unarmed Marlon Horton was reasonable. The City and Walker should not be allowed to file enormous summary judgment briefing on a motion that is likely to be frivolous.

Second, the remaining Defendants (Moore, CHA, Russell, and Maverick) intend to file their own summary judgment briefs and are not even included in the City and Walker's proposed 40-page brief. *See Defts' Mot.*, at 2 ("It is expected that the remaining defendants, Shaquila Moore, Chicago Housing Authority, H.J. Russell & Company, and Maverick Security, Inc., will adopt significant portions of the City and Walker's brief in their memoranda."). Perhaps that is true, but if not, Defendants could file a total of 85 pages in support of their motions for summary judgment (40 for the City and Walker, 15 for Moore and Maverick, 15 for the CHA, and 15 for Russell). Moreover, requiring Plaintiff to respond to 275 statements of fact – most of which will likely be irrelevant and/or disputed anyway – will only serve to drive up attorneys' fees and costs. *See* Fed. R. Civ. P. 1. (explaining that the Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."). This Court will also be significantly burdened by having to sort through hundreds of statements of fact and responses to them. Defendants' proposed 275-paragraph 56.1 statement will end up defeating the purpose of summary judgment. *See Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006) (explaining that it is not the Court's job to sift through he record to determine whether there is sufficient evidence to support a party's claim); *see also Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 613 (7th Cir. 2006) (explaining that it is an "advocate's job…to make it easy for the court to rule in his client's favor."). Defendants' proposed expanded summary judgment briefing is unnecessary and will only delay this four-year-old case further. Thus, Plaintiff respectfully requests that this Court deny Defendants' motion and order the parties to confer regarding the dismissal of certain claims and parties to avoid or reduce summary judgment briefing before Defendants file their motions.

                                                Respectfully submitted,

                                                /s Kevin T. Turkcan
                                                One of Plaintiff's Attorneys

Kevin T. Turkcan
HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 452
Chicago, Illinois 60604
312.726.3173